IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **FIDELITY & DEPOSIT COMPANY OF MARYLAND,** a Maryland corporation,<br><br>      Plaintiff,<br>vs.<br>**GORAN, LLC,** a Utah limited liability company; **SCOTT CUSICK,** an individual; **MARLISE CUSICK,** an individual; **TODD CUSICK,** an individual; **JENNIFER CUSICK FAMILY 2012 TRUST,** an individual; **MINER CREEK, LLC,** a Utah limited liability company; **TJC FAMILY, LLC,** a Utah limited liability company; **CONSTRUCTION MATERIALS COMPANY, LLC,** a Utah limited liability company; **CMC ROCK, LLC,** a Utah limited liability company; **WESTLAKE MATERIALS, LLC,** a Utah limited liability company; and **CMC CONSTRUCTION, LLC**, a Utah Limited Liability Company,<br><br>      Defendants and Third-Party Plaintiffs,<br>vs.<br>**WASATCH LEAVITT INSURANCE AGENCY, INC.**, a Utah corporation f/k/a **ATKISON-LEAVITT INSURANCE AGENCY, INC.**, an expired Utah corporation,<br><br>      Third-Party Defendants. | ORDER AND MEMORANDUM DECISION<br><br>Case No. 2:17-cv-00604-TC-JCB<br><br>Judge Tena Campbell |

Plaintiff Fidelity & Deposit Company of Maryland (F&D) brought this action against eleven Defendants, including Todd Cusick and his company, Goran, LLC, (the Goran Parties). The Goran Parties filed a third-party complaint with five causes of action against Wasatch

1

Leavitt Insurance Agency (Wasatch Leavitt). The Goran Parties' claims arise from Wasatch Leavitt's issuance of surety bonds (the Montana bonds) for two construction projects in Montana (the Montana projects).

On December 17, 2020, the court granted F&D's motion for partial summary judgment against the Goran Parties (the Summary Judgment Order). (ECF No. 133). The court found that the Goran Parties were liable to F&D for failing to indemnify F&D as required by an unambiguous and enforceable General Indemnity Agreement (the 2014 GIA).

Discovery is now complete. Based on the factual record and the court's findings in the Summary Judgment Order, Wasatch Leavitt moves for summary judgment on all of the Goran Parties' claims. For the reasons set forth below, the court GRANTS Wasatch Leavitt's motion.

## BACKGROUND

Because the court described the facts of this case at length in the Summary Judgment Order, it does not repeat them now. (Summ. J. Order at 2–7.) In the Summary Judgment Order the court held that (1) the 2014 GIA applies to the Montana bonds by its plain, unambiguous language, (2) Goran became bound to the Montana bonds because Todd ratified the Montana projects, (3) the Goran Parties were obligated to indemnify F&D, and (4) Sam Carrick of Wasatch Leavitt did not fraudulently conceal the fact that the 2014 GIA applies to the Montana bonds.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is 'genuine' if a rational jury could find in

2

favor of the nonmoving party on the evidence presented." Tabor v. Hilti, Inc., 703 F.3d 1206, 1215 (10th Cir. 2013) (internal quotation omitted)).

"If the movant meets this initial burden, the burden then shifts to the nonmovant to set forth specific facts from which a rational trier of fact could find for the nonmovant." Talley v. Time, Inc., 923 F.3d 878, 893–94 (10th Cir. 2019) (internal quotation omitted). Should the nonmovant bear the burden of persuasion at trial, "[t]hese facts must establish, at a minimum, an inference of the presence of each element essential to the case." Id. (quoting Savant Homes, Inc. v. Collins, 809 F.3d 1133, 1137 (10th Cir. 2016)).

When evaluating a motion for summary judgment, the court must view the facts and draw all reasonable inferences in favor of the non-moving party. Tabor, 703 F.3d at 1215. But this is only true insofar as "there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–587 (1986)).

## ANALYSIS

The Goran Parties raise five claims against Wasatch Leavitt: breach of fiduciary duty; negligence; constructive fraud; fraudulent concealment/non-disclosure; and equitable indemnity. For the following reasons, all of the Goran Parties' claims fail as a matter of law.

### I.     **Breach of Fiduciary Duty**

Goran's breach of fiduciary duty claim fails because Wasatch Leavitt did not have a fiduciary relationship with the Goran Parties. "A claim for breach of fiduciary duty requires proof of four elements: (1) a fiduciary relationship; (2) breach of the fiduciary's duty; (3) causation, both actual and proximate; and (4) damages." Old Republican Nat. Title Ins. Co. v.

3

Home Abstract & Title Co., No. 1:12CV00171, 2014 WL 2918551, at *15 (D. Utah June 27, 2014) (citing Utah law). "A 'fiduciary relationship' exists between two parties when one of them 'is required to act for the benefit of [the other] on all matters within the scope of their relationship.' Because, for instance, attorneys are required to represent their clients' interests diligently, they are considered fiduciaries of their clients. The same is true for a principal's agent, who is required to act solely for the benefit of the principal in matters connected with the agency." Orlando Millenia, LC v. United Title Servs. of Utah, Inc., 2015 UT 55, ¶ 29, 355 P.3d 965, 970 (quoting Black's Law Dictionary 702 (9th ed. 2009)).

Notably, Utah courts have been slow to find that normal principal-agent relationships are fiduciary. Although it is a fact-specific inquiry, generally only relationships that "evince a higher degree of trust than ordinary agency relationships" will be considered fiduciary. Allegis Inv. Servs., LLC v. Arthur J. Gallagher & Co., 371 F. Supp. 3d 983, 1005 (D. Utah 2019) (discussing Utah law).

> A fiduciary relationship imparts a position of peculiar confidence placed by one individual in another. A fiduciary is a person with a duty to act primarily for the benefit of another. A fiduciary is in a position to have and exercise and does have and exercise influence over another. A fiduciary relationship implies a condition of superiority of one of the parties over the other. Generally, in a fiduciary relationship, the property, interest or authority of the other is placed in the charge of the fiduciary.

First. Sec. Bank of Utah N.A. v. Banberry Dev. Corp., 786 P.2d 1326, 1333 (Utah 1990).

Wasatch Leavitt held itself out as Goran's agent for all bond-related needs. As the Goran Parties' agent, Wasatch Leavitt had an obligation to act solely for the benefit of the Goran Parties. But beyond that, the Goran Parties did not entrust Wasatch Leavitt with special tasks or obligations. Wasatch Leavitt did not manage any property or interest held by the Goran Parties. Wasatch Leavitt's relationship with the Goran Parties was that of an ordinary agent—Wasatch

Leavitt was supposed to procure bonds for Goran and address other insurance needs, but that was the extent of Wasatch Leavitt's role. And the fact that Mr. Carrick once brought in doughnuts to Goran's office does not expand his relationship with the Goran Parties to that of a fiduciary. Without a fiduciary relationship, the Goran Parties cannot proceed on their breach of fiduciary duty claim.

## II.     Negligence

The Goran Parties allege that Wasatch Leavitt was negligent in issuing the Montana bonds to Scott. The court agrees that Wasatch Leavitt breached its duty of care when it ignored important underwriting procedures and failed to discover that Scott had no authority to procure the Montana bonds for Goran. But when Todd expressly told Wasatch Leavitt that Goran would perform the projects that Wasatch Leavitt bonded—and then proceeded to work on and receive income from those projects—he ratified Scott's unauthorized acts and adopted the Montana bonds. As a result, Todd consented to the fact that Wasatch Leavitt had negligently issued the bonds to Scott in the first place.

By extension, Wasatch Leavitt's negligence is not the proximate cause of the Goran Parties' damages. Regardless of the fact that Wasatch Leavitt improperly issued the Montana bonds to Scott, if Goran had fulfilled all of its subcontractor obligations under the Montana projects, then the subcontractors could not have sought relief from F&D. For these reasons, the Goran Parties' negligence claim fails as a matter of law.

## III.    Constructive Fraud and Fraudulent Concealment

Wasatch Leavitt argues that there are two reasons why the Goran Parties' fraud claims must fail: first, the claims are barred by the statute of limitations, and second, the Goran Parties cannot meet their burden to show all of the requisite elements. The court agrees that the factual

record, which is now complete, does not support all of the elements of the Goran Parties' fraud claims. Because of this, the court does not address whether the statute of limitations also bars the claims.

A party asserting a claim of fraud must establish, "(1) that a representation was made (2) concerning a presently existing material fact (3) which was false and (4) which the representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, (5) for the purpose of inducing the other party to act upon it and (6) that the other party, acting reasonably and in ignorance of its falsity, (7) did in fact rely upon it (8) and was thereby induced to act (9) to that party's injury and damage." Daines v. Vincent, 2008 UT 51, ¶ 38, 190 P.3d 1269, 1279. For fraudulent concealment, a plaintiff must prove "(1) that the nondisclosed information is material, (2) that the nondisclosed information is known to the party failing to disclose, and (3) that there is a legal duty to communicate." Smith v. Frandsen, 2004 UT 55, ¶ 12, 94 P.3d 919, 923.

The Goran Parties cannot demonstrate that Wasatch Leavitt made a false representation or failed to disclose material information. The 2014 GIA unambiguously states that it applies to all bonds issued by F&D in the name of Goran. (Summ. J. Order at 9–13.) Wasatch Leavitt encouraged Todd to read and review the 2014 GIA, but he did not do so. As the court already explained in its earlier order, "the material information—that the 2014 GIA applies to the Montana bonds—was disclosed to Todd. Mr. Carrick did not conceal this information. To the contrary, this information was clearly stated in the 2014 GIA's opening paragraph." (Id. at 14.) The Goran Parties cannot meet their burden to show fraud or fraudulent concealment because the unambiguous, truthful material information was disclosed on the face of the 2014 GIA.

**IV.     Equitable Indemnity**

6

Finally, the Goran Parties raise an equitable indemnity claim.

> In actions for indemnity, courts universally require proof of three elements: (1) the payor (prospective indemnitee) [here, the Goran Parties] must discharge a legal obligation the payor owes to a third person [F&D]; (2) the prospective indemnitor [Wasatch Leavitt] must also be liable to the third person; and (3) as between the claimant payor and the prospective indemnitor, the obligation ought to be discharged by the indemnitor."

Perry v. Pioneer Wholesale Supply Co., 681 P.2d 214, 218 (Utah 1984). In the tort context, equitable indemnity is "based upon principles of restitution which state . . . [a] person who, without personal fault, has become subject to tort liability for the unauthorized and wrongful conduct of another, is entitled to indemnity from the other for expenditures properly made in discharge of such liability." Hanover Ltd. v. Cessna Aircraft Co., 758 P.2d 443, 445 (Utah Ct. App. 1988).

Here, the second element of equitable indemnity is lacking. Wasatch Leavitt is not liable to F&D on the same basis that the Goran Parties are liable to F&D. Under the 2014 GIA, the Goran Parties owed F&D a duty to indemnity F&D for its losses associated with the Montana bonds. In contrast, the only duties that Wasatch Leavitt owed F&D are those that it held as F&D's producer of surety bonds. At its core, the Goran Parties' liability to F&D is based on the Goran Parties' failure to indemnify F&D for the failure to complete the Montana projects, not on Wasatch Leavitt's improper issuance of the Montana bonds which the Goran Parties later ratified. The Goran Parties' equitable indemnity claim cannot proceed as a matter of law.

## CONCLUSION

For the reasons described, the court GRANTS Wasatch Leavitt's motion for summary judgment (ECF No. 139).

DATED this 14th day of June, 2014.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge