IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **FIDELITY & DEPOSIT COMPANY OF MARYLAND,** a Maryland corporation,<br><br>Plaintiff,<br>vs.<br><br>**GORAN, LLC,** a Utah limited liability company; **SCOTT CUSICK,** an individual; **MARLISE CUSICK,** an individual; **TODD CUSICK,** an individual; **JENNIFER CUSICK,** an individual; **MINER CREEK, LLC,** a Utah limited liability company; **TJC FAMILY, LLC,** a Utah limited liability company; **CONSTRUCTION MATERIALS COMPANY, LLC,** a Utah limited liability company; **CMC ROCK, LLC,** a Utah limited liability company; **WESTLAKE MATERIALS, LLC,** a Utah limited liability company; and **CMC CONSTRUCTION, LLC**, a Utah Limited Liability Company,<br><br>Defendants and Third-Party Plaintiffs,<br>vs.<br><br>**WASATCH LEAVITT INSURANCE AGENCY, INC**., a Utah corporation f/k/a **ATKISON-LEAVITT INSURANCE AGENCY, INC**., an expired Utah corporation,<br><br>Third-Party Defendants. | ORDER AND MEMORANDUM DECISION<br><br>Case No. 2:17-cv-00604-TC-JCB<br><br>District Judge Tena Campbell |

This case has been pending for over four years, and it is finally winding down. In June 2017, Plaintiff Fidelity & Deposit Company of Maryland (F&D) filed suit to enforce two general indemnity agreements: one signed by Goran, LLC, Scott Cusick, and Marlise Cusick (the 2013

GIA), and one signed by Goran, LLC, Todd Cusick, Jennifer Cusick, and Todd Cusick's other commercial entities (the 2014 GIA).[1] The defendants executed the 2013 and 2014 GIAs in favor of F&D, a surety company that issued construction bonds for two of Goran's projects in Montana. F&D incurred losses when it paid out arbitration awards to three of Goran's subcontractors. Afterward, F&D sought indemnification from Goran for its losses and filed this lawsuit to collect damages when it did not receive payment.

The court previously entered summary judgment in favor of F&D on F&D's breach of contract claim against the signers of the 2014 GIA. (Order and Mem. Decision, ECF No. 133.) F&D now asks the court to grant summary judgment for its breach of contract claim against Marlise Cusick, one of the signers of the 2013 GIA.[2] For the reasons below, the court finds that Marlise is liable to F&D as a matter of law, and F&D is entitled to summary judgment on its first claim for relief.

## FACTS[3]

Brothers Todd and Scott Cusick formed Goran, LLC, a commercial construction business, in 2012. Without Todd's knowledge, Scott, through Goran, contracted for several construction jobs for the state of Montana. Montana law requires that whenever the state enters into a construction contract, the contracting party must execute a construction bond with a surety

---

[1] For clarity, the court will refer to the Cusicks by their first names.

[2] Scott Cusick, Marlise's husband, also signed the 2013 GIA. He filed for bankruptcy protection in April 2019, and F&D was named as a creditor. Following that, F&D moved to dismiss its claims against Scott. (See ECF No. 167.) The court denied F&D's motion but gave F&D leave to amend the complaint to eliminate its claims against Scott. (See ECF No. 171.) As of the date of this order, F&D has not done so. Here, F&D only seeks summary judgment against Marlise.

[3] The following facts are either undisputed or based on evidence submitted as summary judgment exhibits and viewed in a light most favorable to Marlise. Immaterial facts and facts unsupported by the record have been omitted. See Hartford Fire Ins. Co. v. P & H Cattle Co., 451 F. Supp. 2d 1262, 1265 (D. Kan. 2006). Additional facts can be found in the court's order and memorandum decision dated December 17, 2020. (ECF No. 133.)

company.  See Mont. Code Ann. § 18-2-201 (2013).  The bond guarantees that the contracting party will perform its obligations and pay its subcontractors.

In 2013, Scott approached Wasatch Leavitt Insurance Agency about obtaining construction bonds.  Wasatch Leavitt connected Scott with F&D.  Scott was ultimately approved for the bonding line, and F&D issued numerous bonds to Goran.  Two of these bonds were for road construction projects for the state of Montana: the Junction 419 bond (issued in November 2013) and the Red Lodge bond (issued in February 2014) (collectively, the "Montana projects" and "Montana bonds").  These two bonds created over $12 million in "surety credit" extended for Goran.  (See Pl.'s Mot. Summ. J. App. Ex. 3 at 48 (Junction 419 contract and bond), ECF No. 168-1; id. at 57 (Red Lodge contract and bond).)  In connection with the new bonding line, Scott executed a general indemnity agreement with F&D on August 13, 2013 (the 2013 GIA).  (See Ex. 1 (2013 GIA) at 5.)  The 2013 GIA lists Goran, Scott, and Marlise as indemnitors in favor of F&D.

Ultimately, Goran did not fully perform its obligations for the Montana projects and failed to pay three subcontractors.  After the subcontractors won arbitration awards against Goran, F&D paid them a total of $799,709 in settlement payments for their claims against the Montana bonds.  (See Ex. 9 at 357–64.)  F&D now brings this action to recover its losses from Marlise.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is 'genuine' if a rational jury could find in

3

favor of the nonmoving party on the evidence presented." Tabor v. Hilti, Inc., 703 F.3d 1206, 1215 (10th Cir. 2013) (quoting E.E.O.C. v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1190 (10th Cir. 2000)).

When evaluating a motion for summary judgment, the court must view the facts and draw all reasonable inferences in favor of the nonmoving party. Id. But this is only true insofar as "there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986)).

"If the movant meets this initial burden, the burden then shifts to the nonmovant to set forth specific facts from which a rational trier of fact could find for the nonmovant." Talley v. Time, Inc., 923 F.3d 878, 893–94 (10th Cir. 2019) (quoting Teets v. Great-W. Life & Annuity Ins. Co., 921 F.3d 1200, 1211 (10th Cir. 2019)). If the nonmovant fails to respond to the motion, the court may grant the motion "without further notice, provided the moving party has established that it is entitled to judgment as a matter of law." DUCivR 56-1(f). This rule is not relaxed for pro se litigants like Marlise.[4] See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). In other words, even in the absence of a response by Marlise, F&D still bears the burden of demonstrating that summary judgment is warranted. Murray v. City of Tahlequah, 312 F.3d 1196, 1200 (10th Cir. 2002).

/ / /

/ / /

---

[4] Marlise was formerly represented by counsel in this case, but her attorney withdrew in January 2019. The following month, Marlise entered a pro se notice of appearance. (ECF No. 75.)

## ANALYSIS

F&D filed its motion for summary judgment on July 16, 2021, and Marlise's response was due on August 13. See DUCivR 7-1(b)(3)(A). She never filed a response. The court will proceed to decide F&D's motion on F&D's submissions alone. To prevail on its motion for summary judgment, F&D must show that (1) the 2013 GIA is a valid and enforceable contract, (2) F&D performed its contractual obligations, (3) Marlise breached the 2013 GIA, and (4) F&D suffered damages. See Bair v. Axiom Design LLC, 2001 UT 20, ¶ 14, 20 P.3d 388, 392. There is no question that Marlise signed the valid 2013 GIA in her individual capacity, F&D performed under the 2013 GIA by issuing (and paying on) bonds for the Montana projects, F&D incurred losses when Goran failed to pay its subcontractors, and Marlise has not reimbursed F&D. Therefore, summary judgment is appropriate.

**I.      The 2013 GIA is valid and enforceable against Marlise.**

First, it is undisputed that the 2013 GIA is a valid contract and that Marlise is bound by it. Under Utah law, "[i]f the language within the four corners of the contract is unambiguous, . . . a court determines the parties' intentions from the plain meaning of the contractual language as a matter of law." Innerlight, Inc. v. Matrix Grp., LLC, 2009 UT 31, ¶ 14, 214 P.3d 854, 857 (quoting Bakowski v. Mountain States Steel, Inc., 2002 UT 62, ¶ 16, 52 P.3d 1179). The 2013 GIA states, in relevant part:

> THIS GENERAL INDEMNITY AGREEMENT ("Agreement"), dated this 13th day of August, 2013 by: Goran, LLC . . . , Scott Cusick . . . , Marlise Cusick . . . (each an "Indemnitor" and all of the above individually and collectively "Indemnitors") in favor of . . . FIDELITY AND DEPOSIT COMPANY OF MARYLAND [as] ("Surety") with respect to any bond, undertaking, and/or obligation of suretyship or guarantee executed, provided or procured (herein "issued") by [F&D] . . . in the name of or on behalf of any Indemnitor . . . whether issued prior to or after the execution of this Agreement, and all renewals, extensions, modifications and substitutions of bonds . . . . This agreement shall be

> liberally construed so as to fully protect, exonerate, indemnify and hold Surety harmless from all liability and Loss.

(2013 GIA at 5.) The 2013 GIA recites that the indemnity agreement is "an inducement to [F&D] to issue or refrain from cancelling Bonds" (id.) and that "[e]ach right, power and remedy given to [F&D], under any provision of this Agreement or otherwise, forms a material part of [F&D's] consideration for Bonds." (Id. ¶ 27.) The core of the 2013 GIA says:

> Indemnitors shall exonerate, indemnify, and hold [F&D] harmless from any and all liability and Loss, sustained or incurred, arising from or related to: (a) any Bond, (b) any Claim, (c) any Indemnitor failing to timely and completely perform or comply with this Agreement, (d) [F&D] enforcing this Agreement or (e) any act of [F&D] to protect or procure any of [F&D's] rights, protect or preserve any of [F&D's] interests, or to avoid, or lessen [F&D's] liability or alleged liability. . . . An itemized statement of Loss, sworn to by any officer of [F&D], or the voucher or other evidence of any payment, shall be *prima facie* evidence of the fact, amount and extent of the liability of Indemnitors for such Loss. Indemnitors shall promptly, upon demand, make payment to [F&D] as soon as liability or Loss exists, whether or not [F&D] has made any payment.

(Id. ¶ 2.) Further, the 2013 GIA imposes joint and several liability on Goran, Scott, and Marlise, which means F&D can enforce the 2013 GIA against Marlise without joining Goran or Scott. (See id. ¶ 18.) The agreement unambiguously holds that F&D can, upon demand, require Marlise to repay F&D's losses related to the Montana bonds. That is what F&D seeks to do here.

Marlise signed the 2013 GIA as an indemnitor. (Id. at 11; Ex. 2 (Marlise Cusick Dep.) at 19:16–18.) Her signature was notarized. (2013 GIA at 11.) Although in her deposition she claimed to have no memory of signing the agreement, (Marlise Cusick Dep. at 19:19–20:11), "a signatory cannot, with hindsight, claim ignorance of the contract and thereby escape liability." W. Props. v. S. Utah Aviation, Inc., 776 P.2d 656, 658 (Utah Ct. App. 1989). And Marlise has not filed a response to F&D's motion or otherwise sought to challenge the validity of her signature. The court finds that Marlise, as a signatory, is bound to uphold the 2013 GIA by indemnifying F&D.

## II. F&D upheld its side of the deal.

Second, it is undisputed that the F&D issued and paid on Goran's Montana bonds. In the appendix to its motion, F&D attached copies of the two Montana bonds. (Junction 419 contract and bond at 48; Red Lodge contract and bond at 57.) The parties entered into the 2013 GIA as an "inducement" for F&D to issue the Montana bonds. (2013 GIA at 5.) The court finds that F&D performed its obligations under the 2013 GIA.

## III. Marlise did not uphold her side of the deal.

Third, it is undisputed that Marlise has not reimbursed F&D for its losses. In the appendix to its motion, F&D attached copies of two demand letters sent to the defendants, including Marlise, insisting that they indemnify F&D and pay the losses that F&D incurred. (Ex. 10 at 366–75.) Enclosed in those letters was a copy of the original 2013 GIA with Marlise's signature. (Id. at 382.) To date, Marlise has not paid F&D anything under the 2013 GIA.

In a similar case from 2001, the court held that "[u]nder the plain language of the contract, it is apparent that failure to pay upon demand would constitute breach." United Pac. Ins. Co. v. Knudsen Constr., Inc., No. 2:97CV235C, 2001 WL 693997, at *4 (D. Utah May 6, 2001). So too here. The 2013 GIA states that the "Indemnitors shall promptly, upon demand, make payment to [F&D] as soon as liability or Loss exists, whether or not [F&D] has made any payment." (2013 GIA at 5.) F&D twice demanded that the defendants, including Marlise, pay F&D for its losses. The court finds that Marlise's failure to promptly do so is a breach of the 2013 GIA.

/ / /

/ / /

## IV. F&D incurred losses because of Marlise's breach.

Finally, it is undisputed that the F&D incurred losses after Goran did not pay its subcontractors. F&D attached copies of the settlement contracts and checks paid to Goran's three subcontractors, totaling $799,709, for their claims against the Montana bonds. (See Ex. 9 at 357–64.) Marlise's failure to repay this sum, for which she is jointly and severally liable, prompted F&D to file this suit. As a result, F&D has incurred costs and attorneys' fees. (See Order Amending J., ECF No. 160.) The court finds that F&D has undoubtedly suffered damages here.

## CONCLUSION

Plaintiff F&D has met its burden to show that there is no genuine dispute of material fact on its breach of contract claim against Marlise Cusick. For the reasons above, the 2013 GIA is valid and enforceable against Marlise for F&D's losses related to the Montana bonds.

F&D's motion for summary judgment on its first claim for relief for breach of contract is GRANTED. Judgment is entered for F&D and against Marlise Cusick, jointly and severally with the other indemnitors, in the amount of $799,709 plus attorneys' fees and costs, which will be established at a future date. If F&D incurs additional losses related to the Montana bonds, the amount of this judgment may be amended.

DATED this 22d day of September, 2021.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge