IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **FIDELITY & DEPOSIT COMPANY OF MARYLAND,** a Maryland corporation,<br><br>      Plaintiff,<br>vs.<br><br>**GORAN, LLC,** a Utah limited liability company; **SCOTT CUSICK,** an individual; **MARLISE CUSICK,** an individual; **TODD CUSICK,** an individual; **JENNIFER CUSICK,** an individual; **MINER CREEK, LLC,** a Utah limited liability company; **TJC FAMILY, LLC,** a Utah limited liability company; **CONSTRUCTION MATERIALS COMPANY, LLC,** a Utah limited liability company; **CMC ROCK, LLC,** a Utah limited liability company; **WESTLAKE MATERIALS, LLC,** a Utah limited liability company; and **CMC CONSTRUCTION, LLC**, a Utah Limited Liability Company,<br><br>      Defendants and Third-Party Plaintiffs,<br>vs.<br><br>**WASATCH LEAVITT INSURANCE AGENCY, INC**., a Utah corporation f/k/a **ATKISON-LEAVITT INSURANCE AGENCY, INC**., an expired Utah corporation,<br><br>      Third-Party Defendants. | ORDER AND MEMORANDUM DECISION<br><br>Case No. 2:17-cv-00604-TC-JCB<br><br>District Judge Tena Campbell |

On December 17, 2020, the court granted summary judgment in favor of Plaintiff Fidelity & Deposit Company of Maryland (F&D) on F&D's first cause of action—breach of contract against Goran, LLC, Todd Cusick, Jennifer Cusick, and Todd Cusick's other commercial entities

(collectively, the "Goran Defendants"). (ECF No. 133.) In April 2021, the court granted F&D's motion to amend the judgment to include costs and attorneys' fees. (ECF No. 160.) Now F&D moves the court to amend its judgment a second time to include prejudgment and postjudgment interest. The Goran Defendants oppose F&D's motion. For the reasons below, the court GRANTS F&D's motion (ECF No. 172).

Both sides are acquainted with the facts in this case. (See generally ECF No. 133.) F&D's motion paints a straightforward picture. F&D deserves prejudgment interest because "the damage is complete, the amount of the loss is fixed as of a particular time, and the loss is measurable by facts and figures." AE, Inc. v. Goodyear Tire & Rubber Co., 576 F.3d 1050, 1055 (10th Cir. 2009) (citing Encon Utah, LLC v. Fluor Ames Kraemer, LLC, 2009 UT 7, ¶ 51, 210 P.3d 263, 272). It deserves postjudgment interest because 28 U.S.C. § 1961 mandates interest "on any money judgment in a civil case recovered in a district court." The Goran Defendants muddy the waters. In their view, not only is F&D's motion untimely, but F&D also miscalculated the prejudgment interest at a much higher statutory rate than would be warranted. F&D responds to the first argument by pointing to Federal Rule of Civil Procedure 54(b), which allows the court to revise "any order . . . that adjudicates fewer than all the claims . . . at any time" before a final judgment. And as for the second argument, F&D concedes that it is only entitled to a 2.86% prejudgment interest rate, acknowledging the holding in USA Power, LLC v. PacifiCorp, 2016 UT 20, ¶¶ 106–109, 372 P.3d 629, 669–70.

The court agrees with F&D. There has been no final judgment in this case—the court's December 17, 2020 order only granted summary judgment on F&D's first cause of action, and only against some of the Defendants. The court has since granted summary judgment on F&D's first cause of action against Marlise Cusick and given F&D leave to amend its complaint to

eliminate its second cause of action against all Defendants and to eliminate all claims against Scott Cusick.[1]  But until all of the claims against all of the parties are resolved, Rule 54(b) leaves open the door to amend any of the court's orders.  After all, "district courts generally remain free to reconsider their earlier interlocutory orders."  Been v. O.K. Indus., Inc., 495 F.3d 1217, 1225 (10th Cir. 2007); see also United States v. Loera, 182 F. Supp. 3d 1173, 1205–06 (D.N.M. 2016).  There are no time constraints preventing the court from reconsidering its order.

Contrary to the Goran Defendants' claim, this is not a new motion for summary judgment filed past the dispositive motion deadline.  There are no merits involved, just math.  Although it is unclear why F&D did not request interest in its first motion to amend (ECF No. 134), F&D's complaint prayed for prejudgment interest.  (Compl. at 12, ECF No. 2.)  Besides the timeliness and overcalculation arguments, the Goran Defendants do not contest the merits, so the court sees no reason why F&D should not be entitled to the interest it seeks.  F&D's $799,709 award (plus fees and costs) is fixed and measurable under Utah law, and postjudgment interest on "any money judgment" is mandatory.  Wheeler v. John Deere Co., 986 F.2d 413, 415 (10th Cir. 1993).

Accordingly,

**IT IS ORDERED** that F&D's motion to amend the amended judgment (ECF No. 172) is GRANTED.  The judgment entered by the court on December 17, 2020, (ECF No. 133), is hereby amended to include, in addition to the $799,709.00 award, $163,619.00 in attorneys' fees, and $9,797.36 in costs:

(a) Prejudgment interest through December 17, 2020, recalculated at the stipulated 2.86% rate, for the payments made to resolve the Warren Transport bond claim, to resolve the Big Sky bond claim, and to pay F&D's costs and fees;

---

[1] The court anticipates that F&D will do so expediently.

(b) Postjudgment interest on the judgment amount, calculated at the rate established in 28 U.S.C. § 1961;

(c) any additional fees and costs incurred in resolving the remaining claims in the lawsuit, to be established by affidavit; and

(d) any fees and costs incurred in the process of collecting the judgment from the Goran Defendants.

**IT IS FURTHER ORDERED** that within fourteen days of the date of this order, F&D file with the court an updated prejudgment interest calculation at the correct rate of 2.86%.

DATED this 23d day of September, 2021.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge